Opinion issued December
29, 2011.



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00545-CR

———————————

Osahon
Seramen Omoruyi,
Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 338th District
Court 

Harris County, Texas



Trial
Court Case No. 1220772

 



 

MEMORANDUM OPINION

          Appellant, Osahon Seramen Omoruyi, was charged with the
felony offense of compelling prostitution. 
See Tex. Penal Code Ann. § 43.05 (Vernon Supp. 2011).  Appellant pleaded not guilty, and the case
was tried to a jury.  The jury found
appellant guilty and assessed punishment at 12 years’ confinement and a $10,000
fine.  Appellant timely filed a notice of
appeal.

Appellant’s
appointed counsel on appeal has filed a motion to withdraw, along with an Anders brief stating that the record
presents no reversible error and, therefore, the appeal is without merit and is
frivolous.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney
has an ethical obligation to refuse to prosecute a frivolous appeal.  In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (citing McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 436, 108 S.
Ct. 1895, 1901 (1988)).  If an appointed
attorney finds a case to be wholly frivolous, his obligation to his client is
to seek leave to withdraw.  Id. 
Counsel’s obligation to the appellate court is to assure it, through an Anders brief, that, after a complete
review of the record, the request to withdraw is well-founded.  Id.

We may not
grant the motion to withdraw until:

(1)     the attorney has sent a copy of his Anders brief to his client along with a
letter explaining that the defendant has the right to file a pro se brief
within 30 days, and he has ensured that his client has, at some point, been
informed of his right to file a pro se petition for discretionary review; 

 

(2)     the attorney has informed us that he has
performed the above duties; 

 

(3)     the defendant has had time in which to file
a pro se response; and

 

(4)     we have
reviewed the record, the Anders brief,
and any pro se brief.

 

Id. at 408–09.  If we agree that the appeal is wholly
frivolous, we will grant the attorney’s motion to withdraw and affirm the trial
court’s judgment.  See Garner v. State, 300 S.W.3d 763, 766 & n.14 (Tex. Crim.
App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here,
counsel’s brief reflects that he delivered a copy of the brief to appellant and
informed him of his right to examine the appellate record and to file a
response.  See In re Schulman, 252 S.W.3d at 408.  More than thirty days have passed, and
appellant has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day
period for response).  

 Counsel’s brief
meets the Anders requirements by presenting
a professional evaluation of the record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel discusses the evidence adduced at the
trial, supplies us with references to the record, and provides us with citation
to legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have
independently reviewed the entire record, and we conclude that no reversible
error exists in the record, that there are no arguable grounds for review, and
that, therefore, the appeal is frivolous.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner, 300 S.W.3d at 767 (explaining that frivolity is determined
by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See
Garner, 300 S.W.3d at 767.  An
appellant may challenge a holding that there are no arguable grounds for appeal
by filing a petition for discretionary review in the Court of Criminal Appeals.
 See
Bledsoe, 178 S.W.3d at 827 & n.6.

 

 

 

We affirm the judgment of the trial
court and grant counsel’s motion to withdraw.[1]
 Attorney Jerome Godinich, Jr. must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

Panel
consists of Justices Keyes, Higley, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).